# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. LEE SHAWN WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 09 C 7369 |
| GUY PIERCE, Warden of the Pontiac Correctional Facility, | ) ) ) | Judge John Z. Lee |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petioner Lee Williams ("Williams") has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), challenging his state criminal conviction for armed robbery based on ineffective assistance of his trial counsel and violation of his Fourth Amendment rights. For the reasons set forth in this Memorandum Opinion and Order, the Court denies the petition.

## Factual Background[1]

On November 25, 1995, Williams used a gun and robbed the Highway Food and Liquor Store in Chicago, Illinois, and its employees, Omar Shabana and King Clark. (*People v. Williams*, No. 1-01-2917, slip op. at 1-2 (Ill. App. Ct. Sept. 30, 2004).) In December 1995, Williams shot and killed Shabana during a second armed robbery at the store. (*Id.*) Within a week after Shabana's murder, police issued a "stop order" for Williams because he was wanted for questioning for the

---

1 Pursuant to 28 U.S.C. § 2254(e)(1), the state courts' recitations of fact are presumptively correct in habeas proceedings. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). Because petitioner has not attempted to rebut the presumption with clear and convincing evidence, see 28 U.S.C. § 2254(e)(1), the Court adopts the factual account as provided in *People v. Williams*,

December armed robbery and murder. (Resp't's Ex. P, *People v. Williams*, No. 1-05-3652, slip op. at 2-3 (Ill. App. Ct. Apr. 20, 2007).)

In June 1997, police officers went to Williams' mother's house in response to a call about a domestic disturbance, and Williams was present at the house. (Postconviction Pet. at 5.) Williams told the officers that his brother was the person named in a stop order wanted for questioning relating to an armed robbery and murder. Williams then voluntarily accompanied the police officers to the station to assist them with information about the murder and to clear his brother's name. (Resp't's Ex. P, *People v. Williams*, No. 1-05-3652, slip op. at 10-11 (Ill. App. Ct. Apr. 20, 2007); Resp't's Ex. W, 6/27/00 Hr'g Tr. at A-22.) At the station, the officers realized that Williams was actually the person identified in the stop order, and while Williams was voluntarily speaking with the officers, he made certain inculpatory statements and admitted his involvement in the November and December 1995 incidents. (Resp't's Ex. P, *People v. Williams*, No. 1-05-3652, slip op. at 10 (Ill. App. Ct. Apr. 20, 2007); Appellant's Br. Supp. Postconviction Relief at 17.)

**Procedural Background**

Williams was charged with two counts of armed robbery arising from the November 1995 incident.[2] (Resp't's Ex. A, *People v. Williams*, No. 1-01-2917, slip op. at 1-2 (Ill. App. Ct. Sept. 30,

---

No. 1-05-3652, slip op. at 1-4 (Ill. App. Ct. Apr. 20, 2007) (*see* Resp't's Ex. P), and *People v. Williams*, No. 1-01-2917, slip op. at 1-2 (Ill. App. Ct. Sept. 30, 2004) (*see* Resp't's Ex. A).

[2]Williams was also charged with the armed robbery and murder of Shabana arising from the December 1995 incident. (Resp't's Ex. P, *People v. Williams*, No. 1-05-3652, slip op. at 3 n.1.) He convicted by a jury in October 1999. (*Id.*) Williams' instant habeas petition is not based on his criminal proceedings relating to the December 1995 incident, and is solely based on his criminal proceedings relating to the November 1995 incident. *See U.S. ex rel. Williams v. Pierce*, No. 09 C 1183, 2010 WL 1838645, at *1-9 (N.D. Ill. May 5, 2010) (based on indictment number 97CR16978).

2

2004.) Count I alleged that Williams committed armed robbery against Omar Shabana by taking money from his person or presence. (*Id.* at 2.) Count II alleged that Williams committed armed robbery against King Clark by taking money and a wallet from his person or presence. (*Id.*)

Williams' trial counsel moved to suppress his inculpatory statements on the grounds that the police deprived him of food and water and physically abused him until he agreed to sign the statement. (Resp't's Ex. W, Suppression Hr'g Tr. at A-24.) The trial court denied the motion to suppress because it found Williams and his mother's testimony incredible and concluded that Williams was given his Miranda warnings, voluntarily waived his right to remain silent and have a lawyer present during questioning, and freely made the statement in which he admitted being involved in the November 1995 armed robbery. (*Id.*; *id.* at A-14.)

In 2001, after a bench trial, Williams was convicted of two counts of armed robbery and sentenced to thirty years of imprisonment. (Resp't's Ex. I, 2/25/05 Postconviction Hr'g Tr. at 3.) On direct appeal, Williams argued that: (1) the state failed to prove him guilty of the second count because there was no evidence to corroborate his written statement, thus violating the *corpus delicti* doctrine; and (2) trial counsel provided ineffective assistance by stipulating to other crimes evidence because it created a mini-trial on the murder and robbery of Shabana.[3] (Resp't's Ex. B, Br. & Arg. Def.-Appellant.) The appellate court agreed as to the former and disagreed as to the latter. (*See* Resp't's Ex. A, *Williams*, No. 1-01-2917, slip op. at 11-15.) Thus, the appellate court affirmed his conviction as to the first count, vacated his conviction on the second count, and remanded the case for resentencing as to the first count. (*Id.*)

---

3 Although the appellate court originally dismissed the appeal for lack of jurisdiction, it reversed its holding and addressed the merits of the appeal. *Williams*, No. 1-01-2917, slip op. at 1-2.

On remand, the circuit court sentenced Williams to thirty years' imprisonment for Count I to run consecutively with the seventy years' imprisonment for the conviction related to the December murder. (*See* Resp't's Ex. C, Br. & Arg. Pl.-Appellee 8.) The record is unclear whether Williams petitioned for leave to appeal the appellate court's order affirming his conviction on Count I to the Illinois Supreme Court. (*Compare* Am. Pet. Writ Habeas Corpus, App. C (admitting that he did not file a petition for leave to appeal to the Illinois Supreme Court but arguing that his appellate counsel told him he would do so), *with* Resp't's Ex. F, Pet. Leave Appeal (arguing solely that the state failed to prove him guilty beyond a reasonable doubt with regard to Count I ).) Under either scenario, however, it is clear that on direct review, Williams did not raise before the Illinois Supreme Court the issues he currently raises in the instant habeas petition.

On December 7, 2004, Williams filed a postconviction petition and argued that his counsel provided ineffective assistance because: (1) although trial counsel moved to suppress his statement based on the Fifth Amendment arguing his statement was coerced, counsel failed to move to quash the arrest and suppress evidence on Fourth Amendment grounds that police lacked probable cause to arrest him; and (2) trial counsel did not make a closing argument. (Resp't's Ex. H, Pet. Postconviction Relief .) The circuit court denied the petition. (Resp't's Ex. I, 2/25/05 Tr. at 7.) Williams moved the court to: (1) reconsider the denial of his petition because his petition presented the gist of a constitutional claim and (2) consider what he described as "an additional claim" in his supplemental petition that appellate counsel provided ineffective assistance for failing to argue on direct appeal the issues raised in his postconviction petition. (Resp't's Ex. K, Mot. Recons. & Supplemental Pet. at 1-8 (discussing the first two grounds), 11-12 (discussing the supplemental petition).) The circuit court: (1) denied his motion to reconsider because, contrary to Williams' assertions, the court had considered the merits of his constitutional claim and had not merely denied

the petition based on waiver; and (2) denied his motion to consider the supplemental postconviction, because it construed it as a second and successive petition and Williams had not shown good cause for his failure to argue substantively the ineffective assistance of appellate counsel in his original petition. (Resp't's Ex. L, 9/30/05 Tr. at 5-8.)

Williams then appealed the summary denial of his postconviction petition arguing that the circuit court erred because his petition stated the gist of a meritorious ineffective assistance claim based on trial counsel's failure to move to quash his arrest and suppress his incriminating statement based on the illegal arrest. (Resp't's Ex. M, Br. & Arg. Pet'r-Appellant at 1.) Williams argued that because his arrest was based on a stop order, which in turn was based on tips from people in the neighborhood without any indicia of reliability, his arrest was illegal, his incriminating written statement about the armed robbery was inadmissible, and his counsel provided ineffective assistance for having failed to move to suppress the statement on that basis. (*Id.* at 12.)

The appellate court affirmed the denial of his postconviction petition by the circuit court and held that Williams had forfeited his ineffective assistance claim based on the Fourth Amendment because he could have, but did not, raise it on direct appeal. (Resp't's Ex. P, *Williams*, No. 1-05-3652, slip op. at 2-3.) The appellate court opined that, even if Williams had not forfeited the claim, his trial counsel had not provided ineffective assistance because it would have been futile to challenge his statement on Fourth Amendment grounds due to the fact that Williams was arrested based on his voluntary inculpatory statements and not the stop order. (*Id.* at 10-11.)

Williams raised the same issues he raised on appeal of the denial of his postconviction petition in his petition for leave to appeal before the Illinois Supreme Court. (Resp't's Ex. Q, Pet. Leave Appeal.) The Illinois Supreme Court summarily denied his petition for leave to appeal as well as his motion to reconsider its denial of his petition for leave to appeal. (Resp't's Ex. R, *People*

*v. Williams*, No. 104718, slip op. at 1 (Ill. Sept. 30, 2009); Resp't's Ex. S, *People v. Williams*, No. 104718, slip op. at 1 (Ill. Nov. 12, 2009).)

Here, Williams asserts the following grounds for habeas relief:

(1) trial counsel rendered ineffective assistance by failing to move to quash his arrest and suppress evidence because the stop order was based on hearsay;

(2) the argument that the trial result would have been different had trial counsel not provided ineffective assistance states the gist of a constitutional claim;

(3) his arrest lacked probable cause;

(4) if the allegations of the habeas petition are taken as true, then a pretrial motion challenging the arrest would likely have been granted and all evidence resulting from his illegal arrest suppressed;

(5) his habeas petition states the gist of a non-frivolous constitutional claim of ineffective assistance of counsel;

(6) his claim is not waived;

(7) this court should grant review to clarify the state standard as to when a pro se postconviction petition states the gist of a constitutional violation of the right to effective assistance of counsel and whether a court may further require that the petitioner demonstrate that trial counsel's challenged action was not sound trial strategy; and

(8) review is warranted because the appellate court's holding conflicts with this court's decision regarding forfeiture (*i.e.*, waiver) and fails to recognize the substance of Williams' ineffective assistance of counsel claim is based on matters outside of the scope of the record.

Grounds Two, Four, Five, Six, Seven, and Eight stem from and address nuances of Ground One, *i.e.*, that trial counsel provided ineffective assistance because he failed to move to quash Williams' arrest and suppress evidence. Ground Three is a stand-alone Fourth Amendment claim. Thus, the Court addresses the claims accordingly.

## Discussion

Under AEDPA, a federal court "deferentially review[s] the decision of the last state court to address [petitioner's] claims on the merits." *Harris v. Hardy*, 680 F.3d 942, 948 (7th Cir. 2012). A federal court may not grant habeas relief unless the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "Under the 'unreasonable application' of law clause, 'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Harris*, 680 F.3d at 948 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). "This means that the state court's application of law must have been objectively unreasonable." *Id.* (quotation omitted).

Before considering the merits of a habeas petition, however, the Court must ensure that the petitioner has exhausted all available remedies in state court and avoided procedural default during the state court proceedings. 28 U.S.C. § 2254(b)(1)(A); *see Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A claim is procedurally defaulted if a habeas petitioner failed to assert his federal claim at each level of state court review. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). A claim is also procedurally defaulted based on the independent and adequate state ground doctrine "when a state court [has] declined to address a prisoner's federal claims because the prisoner [has]

7

failed to meet a state procedural requirement." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). If a claim is procedurally defaulted, a petitioner must establish that: (1) good cause exists for the default and actual prejudice was suffered as a result or (2) the default would lead to a "fundamental miscarriage of justice." *Morales v. Johnson*, 659 F.3d 588, 604 (7th Cir. 2011); *see Bousley v. United States*, 523 U.S. 614, 620 (1998).[4] "The fundamental miscarriage of justice exception requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010) (quotation omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In Ground Three, Williams avers that the trial court convicted and sentenced him in violation of the Fourth Amendment because he was arrested without probable cause. Neither his trial nor his appellate counsel raised the Fourth Amendment issue. Further, on collateral review, Williams did not argue that the trial court violated the Fourth Amendment by failing to quash his arrest and suppress evidence. Rather, he asserted ineffective assistance of trial counsel for his attorney's failure to move to quash his arrest, suppress evidence and make a closing argument at trial. "Raising one issue does not fairly present the other." *U.S. ex rel. Gaines v. Gilmore*, No. 96 C 3698, 1998 WL 427612, at *6 (N.D. Ill. July 24, 1998). A trial court error is distinct from a claim of ineffective assistance of counsel, and a petitioner does not preserve the underlying constitutional claims merely

---

4 "Ineffective assistance of counsel can constitute cause to set aside a procedural bar." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). "[T]he assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003). Thus, "a claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor*, 628 F.3d at 887. "The result is a tangled web of defaults excused by causes that may themselves be defaulted and require a showing of cause and prejudice—a result that has an 'attractive power for those who like difficult

by raising an ineffective assistance of counsel claim at a later state court proceeding. *See, e.g., United States ex rel. Hosty v. Barnett*, No. 94 C 4271, 1996 WL 724909, at *6-7 (N.D. Ill. Dec.4, 1996) (Shadur, J.) (petitioner who sought review of ineffective assistance of counsel claim, which was based on attorney's failure to raise certain constitutional issues, did not fairly present the underlying constitutional claims themselves). Thus, petitioner's free-standing Fourth Amendment claim has been procedurally defaulted unless he can establish cause and prejudice for the default or that the default would result in a fundamental miscarriage of justice. As discussed below, petitioner does not satisfy either requirement.

In addition, petitioner's free-standing Fourth Amendment claim is barred for another reason. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 US 465, 494 (1976). Because petitioner had an opportunity to for full and fair litigation of his free-standing Fourth Amendment claim in state court, it does not provide a ground for habeas relief.

However, the restriction on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel claims asserting incompetent representation with respect to a Fourth Amendment issue. *Kimmelman v. Morrison*, 477 U.S. 365, 372 (1986); *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004). Accordingly, the Court may address petitioner's ineffective assistance of counsel claim with respect to the Fourth Amendment issue. Thus, because: (1) Ground Three is procedurally defaulted, and Williams asserts that ineffective assistance of trial counsel constitutes cause for the default; and (2) Williams asserts in Ground One (which encompasses Grounds Two and Four through Eight) that his trial counsel

---

puzzles.'" *Lee*, 328 F.3d at 901 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 458 (2000)) (Breyer, J., concurring).

provided ineffective assistance of counsel by failing to move to quash the arrest and suppress evidence based on the Fourth Amendment, all of Williams' claims fall if he cannot prevail as to Ground One.

Williams raised Ground One at every level of his state court postconviction proceedings. However, as stated above, federal courts are barred from reviewing a claim that was presented to the state courts but that was rejected on an independent and adequate state law ground. *Smith*, 598 F.3d at 382; *see Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A state law ground is "independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case" and "adequate when it is a firmly established and regularly followed state practice at the time it is applied." *Smith*, 598 F.3d at 382. "This rule applies whether the state law ground is substantive or procedural." *Coleman*, 501 U.S. at 729.

On appeal from the denial of his postconviction petition, the Illinois Appellate Court held that Williams had forfeited the argument raised in Ground One because he failed to raise it on direct appeal. (Resp't's Ex. P, *People v. Williams*, No. 1-05-3652, slip op. at 7-8 (citing *People v. Blair*, 831 N.E.2d 604, 615 (Ill. 2005) ("In an initial postconviction proceeding, the common law doctrines of *res judicata* and waiver operate to bar the raising of claims that were or could have been adjudicated on direct appeal.").) The Illinois Appellate Court's later discussion of the claim does not nullify its express finding that Williams had forfeited the claim by failing to follow the state's own procedural rules. *See Harris v. Reed*, 489 U.S. 255, 259 n.10 (1989) ("[b]y its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law"). Because the Illinois Appellate Court relied on an independent and adequate state ground to dispose of Ground One and the Illinois Supreme Court's decision in *Blair*, upon which the

state court relied, establishes that the state ground was firmly established and regularly followed at the time, the Court holds that it cannot grant habeas relief based on Ground One. It follows that Ground One does not provide cause for the procedural default of Ground Three, because Ground One itself is procedurally barred.[5] Williams has failed to demonstrate cause and prejudice. Nor does he allege a fundamental miscarriage of justice to excuse the procedurally defaulted habeas claims.

Even if the Court were to hold that Ground One is not barred by the independent and adequate state ground doctrine, however, the Court would nonetheless deny Williams' petition.[6] Williams argues that his trial counsel was ineffective for failing to file a motion to quash his arrest based on lack of probable cause and to suppress inculpatory statements that he provided after the allegedly unlawful arrest.[7] A state court's determination as to whether counsel's assistance was effective and whether counsel's performance prejudiced the defendant are mixed questions of law and fact which a district court reviews *de novo*. *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009).

Under *Strickland v. Washington*, to establish ineffective assistance of counsel, a petitioner must show that: (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced his defense. 466 U.S. 668, 688-93 (1984); *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). "Judicial scrutiny of

---

5 The Court notes that Williams was represented by different counsel on direct appeal than at trial and has not argued in support of the instant petition that his appellate counsel on direct appeal provided ineffective assistance of counsel.

6 "In the habeas context, the application of the independent and adequate state ground doctrine, of which a procedural default is an instance, is not jurisdictional." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010); *see Trest v. Cain*, 522 U.S. 87, 89 (1997). Instead, "grounded in concerns of comity and federalism, it 'ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.'" *Id.* (quoting *Coleman*, 501 U.S. at 731-32).

7 Williams raised, and the Court rejected, this same claim in support of his habeas petition challenging his conviction for the December 1995 first degree murder and armed robbery. *See U.S. ex rel. Williams v. Pierce*, No.

counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation and citation omitted).

Williams has failed to establish that his trial counsel's performance was ineffective. Williams' trial counsel affirmatively elected to move to suppress Williams' confession based on involuntariness under the Fifth Amendment, rather than move to quash the arrest under the Fourth Amendment and suppress his confession based on the fruit-of-the-poisonous-tree doctrine. The appellate court found that Williams' trial counsel vigorously litigated a motion to suppress Williams' statements on the grounds that they were obtained through threats and coercion by the police. (Resp't's Ex. P, *People v. Williams*, No. 1-05-3652, slip op. at 9-10.) The state appellate court emphasized that the trial court specifically asked counsel whether or not the motion to suppress was also a motion to quash under the Fourth Amendment and trial counsel stated that it was not. (*Id.*) Thus, the appellate court held that trial counsel had made a conscious decision as a matter of trial strategy to pursue a motion to suppress statements based on coercion, rather the fruit-of-the-poisonous-tree theory. (*Id.* at 10.) Because this conscious decision was not objectively unreasonable, the state appellate court concluded that Williams' trial counsel had not provide ineffective assistance. (*Id.*) Given the deference that this Court must give to the state court's determination under *Strickland*, the Court holds that state appellate court's conclusion is not an unreasonable application of the first *Strickland* factor.

---

09 C 1183, 2010 WL 1838645, at *7-8 (N.D. Ill. May 5, 2010) (Coar, J.).

In addition, Williams has failed to establish that trial counsel's failure to move to quash the arrest for lack of probable cause prejudiced his defense. The state appellate court held that any motion to quash arrest (or motion to suppress statements based on an unlawful arrest) would have been denied because the police officers had probable cause to arrest him based on his own inculpatory statements. (*Id.* at 11.) Williams told police that the person named in a stop order wanted for questioning relating to an armed robbery and murder was his brother, and Williams voluntarily accompanied the police officers to the station to assist them with information about the murder. (*Id.* at 10-11.) At the station, the officers realized that Williams was actually the person named in the stop order and while Williams was voluntarily speaking with the officers, he made inculpatory statements. (*Id.* at 10.) The state appellate court held that Williams' voluntary inculpatory statements provided probable cause for his arrest, not the stop order, and the court reasonably applied Supreme Court precedent in surmising that any motion to suppress based on Fourth Amendment grounds would have been futile. *See Carroll v. United States*, 267 U.S. 132, 162 (1925) (probable cause exists where "the facts and circumstances within [the officers'] knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief" that an offense has been committed). Given the factual record, the state appellate court's application of the second *Strickland* factor is not objectively unreasonable.

In sum, the Court holds that Williams' grounds for habeas relief are procedurally defaulted. Even if the Court were to reach the merits of petitioner's claim that his trial counsel had provided ineffective assistance because he did not move to quash the arrest and move to suppress his confession based on an unlawful arrest, the Illinois appellate court did not unreasonably apply the *Strickland* factors to the facts of the case. Therefore, the Court denies Williams' petition for writ of habeas corpus.

## Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, this Court must consider whether it should issue a Certificate of Appealability when entering a final order adverse to a petitioner. Issuing a certificate is appropriate only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a court denies a petition on procedural grounds, a petitioner must show that both the procedural ruling and the underlying constitutional claim are debatable. *Id.* at 484.

That Grounds One, Two, Four, Five, Six, Seven, and Eight based on ineffective assistance of trial counsel are procedurally barred by the independent and adequate state law ground doctrine is not debatable. No reasonable jurist would find that Williams received constitutionally inadequate legal representation. In addition, no reasonable jurist would disagree that Ground Three, Williams' free-standing Fourth Amendment claim, is clearly procedurally barred because the state court provided an opportunity for full and fair litigation of his Fourth Amendment claim and because petitioner's procedurally barred ineffective assistance of trial counsel claim cannot provide cause for the procedural default of Ground Three.

## Conclusion

For the reasons provided in this Memorandum Opinion and Order, the Court denies Williams amended petition for writ of habeas corpus [11-1] and declines to issue a Certificate of Appealability. This case is hereby terminated.

**SO ORDERED**                             **ENTER: September 4, 2012**

_____
**JOHN Z. LEE**
**U.S. District Judge**